Twenty-Five Fifth Avenue Corporation, Appellee, v. Walter O. Roach, Appellant.

Gen. No. 32,169.

Opinion filed February 27, 1928.

Robert F. Kolb, for appellant.

Schoen & Green, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

Defendant appeals from a judgment against him for $1,509.84 in an action for rent entered upon a directed verdict.

The defendant and another were lessees of an apartment in a building in New York City. The lease by its terms expired October 1, 1926. There was an abandonment of the premises by the lessees and after crediting them with amounts received from other tenants, there remained due $1,509.84.

Defendant by his affidavit of defense does not question the correctness of this statement, but asserts as a defense a claim of set-off. The court was of the opinion that such a claim could not properly be made the subject of a set-off and instructed the jury accordingly to find for the plaintiff.

Defendant's claim of set-off alleged that he was a citizen and resident of Illinois, while plaintiff was not a resident of Illinois and had no officer or agent in this State upon whom service of process might be had; that plaintiff unlawfully converted to its own use certain household furniture belonging to defendant in excess of the value of $2,500. Defendant thus sought to set off against an action on a written instrument a claim for damages, in excess of plaintiff's claim, in a tort action of conversion. The trial court properly ruled this could not be done. From the early case of *Edwards v. Todd,* 1 Scam. (Ill.) 461, it has been the rule that a claim in tort may not be set off against a claim in contract, although sometimes this may be done in recoupment.

Defendant cites certain decisions of this court which he interprets as holding that, where the plaintiff is a nonresident, any kind of claim may be set off. The cited cases do not support this. In all of these cases the set-offs were claims arising in contract. We are referred to no case holding that a claim arising out of a tort may be set off against an action on a contract.

Although the point is not made in defendant's brief of points, some claim is made in argument that the finding and judgment are excessive by $400. No such claim was made in the affidavit of merits filed, and upon the trial, in answer to a question by the court, defendant's counsel conceded the accuracy of the amount claimed by plaintiff, thus waiving every question except the right of set-off.

The trial court properly sustained plaintiff's objection to defendant's evidence tending to support his claim of set-off, and as no other defense was asserted, the peremptory instruction for a verdict properly followed. The judgment thereon is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.